TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00375-CR







George Rieck, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT


NO. 0994046, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING






Appellant George Rieck made threats of physical violence against a parole officer
following his arrest on a parole revocation warrant. Based on this evidence, a jury found appellant
guilty of retaliation and assessed punishment, enhanced by a previous felony conviction, at
imprisonment for eight years. See Tex. Penal Code Ann. § 36.06 (West Supp. 2001).

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969). A copy of counsel's brief was delivered to appellant, and appellant
was advised of his right to examine the appellate record and to file a pro se brief.

Appellant filed a pro se brief alleging numerous errors. Appellant asserts that the
decision to revoke his parole and all subsequent proceedings, including his trial and conviction for
retaliation, were themselves acts of retaliation against appellant for exercising his constitutional
rights. Appellant's factual assertions, however, are not supported by evidence in the record before
us.

Appellant contends the district court erred by failing to conduct a hearing on the
validity of the parole revocation proceedings. The court held, and we agree, that any irregularity
with regard to the revocation was not a defense to the retaliation charge, and thus the propriety
of the revocation proceedings was irrelevant to this cause.

Appellant contends the indictment in this cause is fundamentally defective because
the date of the alleged offense is anterior to the date of filing and because the indictment fails to
allege that the offense was committed within the jurisdiction of the district court where it was
filed. Both allegations are factually incorrect. The indictment was filed in the Travis County
district court on August 31, 1999; the offense was alleged to have occurred in Travis County on
August 17, 1999.

Appellant challenges the enhancement of punishment on several grounds. The
previous conviction was for indecency with a child in Victoria County cause number 92-5-14, 789-A. The indictment and judgment of conviction were introduced in evidence. Appellant urges that
the indictment fails to allege where the offense was committed and was not returned by a grand
jury of the proper county. The indictment was returned by the grand jury of the 24th District
Court of Victoria County and alleges that the offense took place in Victoria County. Appellant
complains that the indictment does not allege an act of violence, but this is not an element of the
offense of indecency with a child. See Tex. Penal Code Ann. § 21.11 (West Supp. 2001). 
Finally, appellant contends the evidence does not demonstrate that the previous conviction was
final before the retaliation offense was committed. The Victoria County judgment states that
sentence was imposed on December 8, 1992, and there is no indication of an appeal. The offense
for which appellant was convicted in the present cause was committed on or about August 17,
1999.

Finally, appellant contends he did not receive effective assistance of counsel at trial
or on appeal. Appellant makes numerous factual assertions regarding counsel's failure to
investigate the law and the facts, failure to prepare, and failure to consult with appellant. None
of these allegations are supported by the record. Appellant also urges that trial counsel should
have made various objections, none of which appear from the record to have merit.

We have reviewed the record, counsel's brief, and the pro se brief, and agree with
counsel that the appeal is frivolous and without merit. The judgment of conviction is affirmed.



 __________________________________________

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: February 1, 2001

Do Not Publish



ter>The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT


NO. 0994046, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING






Appellant George Rieck made threats of physical violence against a parole officer
following his arrest on a parole revocation warrant. Based on this evidence, a jury found appellant
guilty of retaliation and assessed punishment, enhanced by a previous felony conviction, at
imprisonment for eight years. See Tex. Penal Code Ann. § 36.06 (West Supp. 2001).

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969). A copy of counsel's brief was delivered to appellant, and appellant
was advised of his right to examine the appellate record and to file a pro se brief.

Appellant filed a pro se brief alleging numerous errors. Appellant asserts that the
decision to revoke his parole and all subsequent proceedings, including his trial and conviction for
retaliation, were themselves acts of retaliation against appellant for exercising his constitutional
rights. Appellant's factual assertions, however, are not supported by evidence in the record before
us.

Appellant contends the district court erred by failing to conduct a hearing on the
validity of the parole revocation proceedings. The court held, and we agree, that any irregularity
with regard to the revocation was not a defense to the retaliation charge, and thus the propriety
of the revocation proceedings was irrelevant to this cause.

Appellant contends the indictment in this cause is fundamentally defective because
the date of the alleged offense is anterior to the date of filing and because the indictment fails to
allege that the offense was committed within the jurisdiction of the district court where it was
filed. Both allegations are factually incorrect. The indictment was filed in the Travis County
district court on August 31, 1999; the offense was alleged to have occurred in Travis County on
August 17, 1999.

Appellant challenges the enhancement of punishment on several grounds. The
previous conviction was for indecency with a child in Victoria County cause number 92-5-14, 789-A. The indictment and judgment of conviction were introduced in evidence. Appellant urges that
the indictment fails to allege where the offense was committed and was not returned by a grand
jury of the proper county. The indictment was returned by the grand jury of the 24th District
Court of Victoria County and alleges that the offense took place in Victoria County. Appellant
complains that the indictment does not allege an act of violence, but this is not an element of the
offense of indecency with a child. See Tex. Penal Code Ann. § 21.11 (West Supp. 2001). 
Finally, appellant contends the evidence does not demonstrate that the previous conviction was
final before the retaliation offense was committed. The Victoria County judgment states that
sentence was imposed on December 8, 1992, and there is no indication of an appeal. The offense
for which appellant was convicted in the present cause was committed on or about August 17,
1999.

Finally, appellant contends he did not receive effective assistance of counsel at trial
or on appeal. Appellant makes numerous factual assertions regarding counsel's failure to
investigate the law and the facts, failure to prepare, and failure to consult with appellant. None
of th